UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE KATZ, M.D., P.C., individually
and on behalf of all others similarly situated,

      Plaintiff,

v.                                         Case No. 8:19-cv-2210-T-35SPF

GOKUL RX LLC, a Florida limited liability
company, and BENZER FRANCHISING
LLC, a Florida limited liability company,

      Defendants.
_____/

## ORDER

      This cause comes before the Court upon Defendants' Joint Motion to Bifurcate Discovery (Doc. 25). Plaintiff filed a Response in Opposition (Doc. 33). Alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, Plaintiff sues Defendants on behalf of himself and a proposed class of others similarly situated (Doc. 20). Plaintiff brings one count, alleging Defendants used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the proposed class, or others did so on their behalf (Doc. 20 at ¶¶ 53-58). The unsolicited fax advertised the drug Myorisan from Gokul's pharmacy (Doc. 20 at ¶ 21). The claim against Benzer is based on a theory of vicarious liability (Doc. 20 at ¶¶ 30-42).

      Defendants seek to bifurcate individual merits discovery from class discovery. Defendants contend that bifurcating discovery will allow the parties to preserve precious judicial resources and limit costs to be incurred in litigating a putative class action. Specifically, Defendants argue the issue of whether Benzer can be held vicariously liable for

the alleged acts of Gokul in light of their franchisor-franchisee relationship is a potentially dispositive, threshold issue that must be resolved before the parties engage in class discovery. Plaintiff opposes the bifurcation pointing to the risk of loss of relevant evidence necessary to identify class members and their damages. Plaintiff also argues that it would be inefficient to bifurcate discovery as proposed by Defendants because the action will continue against Gokul regardless of any decision as to Benzer's vicarious liability and, given the overlap between class and merits discovery and the lack of a unique defense as to Plaintiff, trying to limit discovery to individual merits issues will result in needless discovery disputes. Plaintiff suggests each Defendant's ability to move for summary judgment at any time during the discovery period allows them to address a lack of vicarious liability or an individualized defense to Plaintiff's claim as needed.

The parameters of this Court's consideration has been proficiently described as follows:

> A court also has broad discretion to bifurcate discovery. *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-cv-24-FtM-38CM, 2018 WL 1620899, at *1 (M.D. Fla. Apr. 4, 2018) (unpublished) (citing cases). In the TCPA context, a motion to bifurcate individual and class discovery is not unheard of, with varied results largely based on educated guesses about future unknowns. … In those cases, courts have considered various factors: the likelihood of overlap of individual and class discovery, the likelihood of ensuing discovery motions, the likelihood of prejudice to the nonmovant, evidence suggesting the claims of the named plaintiffs lack merit or the absence of such evidence, the timing of the bifurcation motion, whether the case can continue if the claims of the named plaintiffs are dismissed, the interests of judicial economy, and the "early practicable time" requirement of Rule 23(c)(1)(A).[1] Added to those

---

[1] Rule 23(c)(1)(A) provides that, "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A); *see also* L.R. 4.04(b), M.D. Fla. "Time may be needed to gather information necessary to make the certification decision. … [D]iscovery in aid of the certification decision often includes information required to identify the nature of the issues that actually will be presented at trial." Advisory Comm. Notes (2003 Amend.). "Other considerations may affect the timing of the certification decision. The party opposing

considerations is the goal of "just, speedy, and inexpensive determination of every action" reflected in Rule 1.[2]

*Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 WL 7423522, at *3 (M.D. Fla. Aug. 22, 2019) (*comparing Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL), 2016 WL 207677, at *2–3 (E.D.N.Y. Jan. 12, 2016) (denying motion) and *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-2219-JST, 2015 WL 273188, at *2–3 (N.D. Cal. Jan. 20, 2015) (denying motion) *with Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (granting motion), *Rivera v. Exeter Fin. Corp.*, No. 15-cv-01057-PAB-MEH, 2016 WL 374523, at *2 (D. Col. Feb. 1, 2016) (referencing earlier order granting motion), and *Leschinsky v. Inter–Continental Hotels Corp.,* No. 8:15–cv–1470–T–30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (granting motion)).

Considering all pertinent factors and the valid arguments made by the parties, the Court finds bifurcation is unwarranted. The decision is supported by the likelihood of overlap of individual and class discovery, the likelihood of ensuing discovery motions, the likelihood of prejudice to the nonmovant, the absence of evidence suggesting the claim of the named Plaintiff lacks merit, and the interests of judicial economy. The consideration of these factors additionally includes the expectation that the parties will adhere to the proportionality requirement of Rule 26(b)(1) and the availability of relief under Rule 26(c)(1) should discovery become unduly burdensome or expensive for Defendants. *See Breines*, 2019 WL 7423522, at *4.

---

the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id.*
[2] Rule 1 provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, it is hereby **ORDERED**:

Defendants' Joint Motion to Bifurcate Discovery (Doc. 25) is **DENIED**.

**ORDERED** in Tampa, Florida, January 14, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE